DURIE TANGRI LLP
CLEMENT S. ROBERTS (SBN 209203)
croberts@durietangri.com
ADAM R. BRAUSA (SBN 298754)
abrausa@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300

Attorneys for Plaintiff
HEALTHLOOP, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEALTHLOOP, INC.<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MY HEALTH, INC.<br><br>　　　　　　　　Defendant. | Case No. 3:15-CV-671<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff HealthLoop, Inc. ("HealthLoop"), for its Complaint against Defendant My Health, Inc. ("My Health") alleges as follows:

## NATURE OF THE ACTION

1. This is a declaratory judgment action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* HealthLoop seeks a declaration of non-infringement and invalidity of U.S. Patent No. 6,612,985 ("the '985 patent").

## THE PATENT-IN-SUIT

2. The '985 patent, entitled "Method and System for Monitoring and Treating a Patient," issued on September 2, 2003. A true and correct copy of the '985 patent is attached as Exhibit 1.

3. Upon information and belief, on or about April 23, 2001, the listed inventors Michael E. Eiffert and Lisa C. Schwartz, assigned their interests to the University of Rochester. Upon information and belief, on or about April 1, 2014, the University of Rochester assigned its interest in the '985 patent to My Health.

## THE PARTIES

4. Plaintiff HealthLoop is a corporation organized and existing under the laws of the State of Delaware, with principal place of business located 605 Ellis St., #100, Mountain View, California 94043, in Santa Clara County.

5. HealthLoop designed and developed a cloud-based platform that automates follow-up care and keeps doctors, patients and care-givers connected between visits with clinical information that is insightful, actionable, and engaging.

6. On information and belief, Defendant My Health is a corporation organized and existing under the laws of Delaware, with an office in this district at 1733 Woodside Rd, Suite 300, Redwood City, CA 94061.

7. My Health claims to be the owner by assignment of the right, title and interest of the '985 patent.

## JURISDICTION AND VENUE

8. This lawsuit is a civil action arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 35 U.S.C. §§ 2201 and 2202. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This court has personal jurisdiction over the Defendant pursuant to the laws of the State of California, including California's long-arm statute, California Code of Civil Procedure § 410.10 because, upon information and belief, it maintains an office in this judicial district and from it, regularly conducts business in this jurisdiction.

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## MY HEALTH PROCEEDINGS INVOLVING THE '985 PATENT

11. Upon information and belief, between 2012 and the present, My Health has filed twenty-four complaints against companies involved in the health care industry, alleging infringement of the '985 patent. These cases include *My Health Inc. v. ZeOmega Inc.*, No. 2:12-cv-00251 (E.D. Tex.); *My Health Inc. v. CardioCom, LLC*, No. 2:13-cv-00136 (E.D. Tex.); *My Health, Inc. v. GenerationOne, Inc.*, No. 2:13-cv-00138 (E.D. Tex.); *My Health, Inc. v. Philips Medical Sys. North Am.*, No. 2:13-cv-00140 (E.D. Tex.); *My Health, Inc. v. Click4Care, Inc.*, No. 2:13-cv-00137 (E.D. Tex.); *My Health, Inc. v. Honeywell HomMed, LLC*, No. 2:13-cv-00139 (E.D. Tex.); *My Health, Inc. v. BodyMedia, Inc.*, No. 2:14-cv-00653 (E.D. Tex.); *My Health, Inc. v. Alere, Inc.*, No. 2:14-cv-00652 (E.D. Tex.); *My Health, Inc. v. Confidant Hawaii, LLC*, No. 2:14-cv-00655 (E.D. Tex.); *My Health, Inc. v. Entra Health Sys., LLC*, No. 2:14-cv-00657 (E.D. Tex.); *My Health, Inc. v. Healthrageous, Inc.*, No. 2:14-cv-00658 (E.D. Tex.); *My Health, Inc. v. Nonin Med., Inc.*, No. 2:14-cv-00660 (E.D. Tex.); *My Health, Inc. v. Cardiomedix, Inc.*, No. 2:14-cv-00654 (E.D. Tex.); *My Health, Inc. v. Medisana AG*, No. 2:14-cv-00659 (E.D. Tex.); *My Health, Inc. v. Sotera Wireless, Inc.*, No. 2:14-cv-00663 (E.D. Tex.); *My Health, Inc. v. Vivify Health, Inc.*, No. 2:14-cv-00664 (E.D. Tex.); *My Health, Inc. v. Pleio Health Support Sys., Inc.*, No. 2:14-cv-00661 (E.D. Tex.); *My Health, Inc. v. Robert Bosch Healthcare Sys., Inc.*, No. 2:14-cv-00662 (E.D. Tex.); *My Health, Inc. v. Health Dialog, Inc.*, No. 2:14-cv-00682 (E.D. Tex.); *My Health, Inc. v. Tunstall Healthcare USA, Inc.*, No. 2:14-cv-00685 (E.D. Tex.); *My Health, Inc. v. LifeScan, Inc.*, No. 2:14-cv-00683 (E.D. Tex.); *My Health, Inc. v. Biotronik, Inc.*, No. 2:14-cv-00680 (E.D. Tex.); *My Health, Inc. v. Tandem Diabetes Care,*

*Inc.*, No. 2:14-cv-00684 (E.D. Tex.); and *My Health, Inc. v. CardioNet, Inc.*, No. 2:14-cv-00681 (E.D. Tex.).

12. Additionally, four other companies have filed declaratory judgment actions against My Health, seeking declarations that the '985 patent is not infringed and/or invalid. These cases include: *Authentidate Holding Corp. v. My Health, Inc.*, No. 1:13-cv-01616 (D. Del.); *Voxiva Inc. v. My Health, Inc.*, No. 1:14-cv-00910 (D. Del.); *Fitango v. My Health, Inc.*, 1:14-cv-01085 (D. Del.); and *Allscripts Healthcare Solutions v. My Health, Inc.*, 1:14-cv-01436 (D. Del.).

13. Three petitions for *inter partes* review have been filed at the United States Patent & Trademark Office ("PTO"): IPR2013-00320; IPR2014-00435; and IPR2015-00102. In all three petitions, petitioners allege that all claims of the '985 patent are invalid under 35 U.S.C. §§ 102 and 103, based on prior art references cited in the petitions. In IPR2013-00320, the PTO instituted *inter partes* review of all claims of the '985 patent. IPR2014-00435 was terminated prior to institution of *inter partes* review by the PTO. IPR2015-00102 is currently pending and the PTO has not yet instituted *inter partes* review.

## MY HEALTH THREATS AGAINST HEALTHLOOP

14. On or about January 6, 2015, Patent Licensing Alliance ("PLA"), acting on behalf of My Health, sent a letter to HealthLoop entitled "U.S. Patent No. 6,612,985 – Method and System for Monitoring and Treating A Patient ('Remote Monitoring Patent')." A true and correct copy of that letter is attached hereto as Exhibit 2. The letter states that "[y]our HealthLoop Platform employs the technology claimed and disclosed in United States Patent 6,612,985."

15. The January 6, 2015 letter further asserted that "[o]ur research group and legal team have thoroughly reviewed the HealthLoop Platform and believe that it utilizes the technology claimed an disclosed in the Remote Monitoring Patent," and that "[t]he Patent requires a license if you intend to continue to sell these products."

16. The correspondence further stated that "[b]ecause of . . . ever-increasing instances of improper use without a license, My Health has been enforcing its intellectual property rights."

17. My Health attached a claim chart to the January 6, 2015 letter that purports to outline My Health's position concerning HealthLoop's alleged infringement.

18. My Health's January 6, 2015 letter and the numerous litigations and claims by My Health over the past 3 years alleging infringement of the '985 patent created a reasonable apprehension and substantial likelihood that, if HealthLoop does not pay and agree to enter into a license with My Health, My Health will sue HealthLoop for the alleged infringement of the '985 patent.

## COUNT I

## DECLARATORY JUDGMENT OF NONINFRINGEMENT

19. The foregoing paragraphs are incorporated by reference as if fully restated herein.

20. My Health has alleged that HealthLoop is infringing technology claimed in the '985 patent without authorization and has specifically charted claim 1 of the '985 patent against HealthLoop. *See* Exhibit 2 at 5.

21. HealthLoop's products do not, however, infringe any claims of the '985 patent because, at a minimum, they do not provide reviewed treatment plans as the claims require.

22. My Health's litigious history, the infringement allegations by My Health against HealthLoop, and HealthLoop's denial of infringement have created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '985 patent. A valid and justiciable controversy has arisen and exists between HealthLoop and My Health within the meaning of 28 U.S.C. § 2201.

23. A judicial determination of non-infringement is necessary and appropriate so that HealthLoop may ascertain its rights regarding the '985 patent.

## COUNT II

## DECLARATORY OF INVALIDITY

24. The foregoing paragraphs are incorporated by reference as if fully restated herein.

25. All of the claims of the Patents-in-Suit are invalid under the United States Patent Act, including pursuant to at least 35 U.S.C. §§ 101, 102, and 103.

26. For example, all of the claims of the Patents-in-Suit are invalid pursuant to 35 U.S.C. § 101 because they purport to claim unpatentable abstract concepts. The claims of the '985 patent are directed to an abstract idea and contain no "additional elements" that would transform them into patent-eligible subject matter.

27. Additionally, for at least the reasons set forth in the three petitions for *inter partes* review of the '985 patent, all of the claims of the Patents-in-Suit are invalid pursuant to 35 U.S.C. §§ 102 and/or 103 because they are anticipated and/or rendered obvious by prior art.

28. My Health's litigious history, the infringement allegations by My Health against HealthLoop, and HealthLoop's denial of infringement have created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '985 patent. A valid and justiciable controversy has arisen and exists between HealthLoop and My Health within the meaning of 28 U.S.C. § 2201.

29. A judicial determination of invalidity is necessary and appropriate so that HealthLoop may ascertain its rights regarding the '985 patent.

**PRAYER FOR RELIEF**

WHEREFORE, HealthLoop respectfully requests that:

a. Judgment that HealthLoop does not infringe any valid claim of the '985 patent;

b. A judgment that the claims of the '985 patent are invalid and/or unenforceable;

c. That this case be found an exceptional case under 35 U.S.C. § 285, entitling HealthLoop to be awarded the attorney fees, costs, and expenses that it incurs in prosecuting this action;

d. Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

HealthLoop hereby requests a trial by jury, pursuant to Federal Rule of Civil Procedure 38(b), on all issues so triable.

Dated: February 12, 2015

DURIE TANGRI LLP

By: */s/ Clement S. Roberts*
 CLEMENT S. ROBERTS

Attorneys for Plaintiff
HEALTHLOOP, INC.